UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, STEVEN F. COLLIER, | CASE NO. C-00-825 (Judge Weber) |
| PLAINTIFF, | FIRST AMENDED COMPLAINT |
| v. | |
| FLUOR CORPORATION d/b/a FLUOR FERNALD, INC. | |
| DEFENDANT. | |

## INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from the actions of Fluor Fernald, Inc. (hereinafter "Fluor Fernald"), in violation of the federal False Claims Act, 31 U.S.C. §3729 and 31 U.S.C. §3730.

2. The False Claims Act was intended by Congress to create incentives for individuals aware of fraud against the Government to disclose information without fear of reprisals or Government inaction.

3. The False Claims Act allows any person having knowledge of a fraud or fraudulent claim against the Government to share in any recovery. The complaint is to be filed under seal for 60 days (without service on the Defendants during the 60-day period) to enable the United States Government (1) to conduct its own investigation without the knowledge of the Defendants, and (2) to determine whether to join the suit. The Plaintiff must additionally file with the Attorney General of the United States a detailed statement disclosing all material evidence and information in Plaintiff's possession.

4. Plaintiff seeks to recover damages and civil penalties from Fluor Fernald for its

23

fraudulent use of Government funds.

5. As required by the False Claims Act, 31 U.S.C. §3730(b)(2), Plaintiff has provided to the Attorney General of the United States and to the United States Attorney General for the Southern District of Ohio, simultaneously with the filing of this Complaint, a statement of all material evidence and information related to the Complaint. This disclosure statement is supported by documentary evidence establishing the existence of false claims presented by Plaintiff.

## JURISDICTION AND VENUE

6. This is a civil action arising under the laws of the United States to redress a violation of 31 U.S.C. §3729 and 31 U.S.C. §3730, also known as the "False Claims Act."

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 31 U.S.C. §3732, which specifically bestow jurisdiction on this Court for actions brought pursuant to §3729 and §3730 of Title 31 of the United States Code.

8. This Court has personal jurisdiction over the Defendant, Fluor Fernald, because Defendant has established operations in the Southern District of Ohio, and thus transacts business within the District, and events described herein transpired within this District.

9. Venue is proper in this District pursuant to 31 U.S.C. §3732(a), because Defenadant Fluor Fernald can be found to transact business in the Southern District of Ohio, and the events described herein transpired within the Southern District of Ohio.

## PARTIES

10. Plaintiff/Relator, Steven F. Collier, resides at 9006 York Ridge Road, Guilford, Indiana 47022. Relator was employed from December 1994 until February 28, 2002 by Coleman

Research Corporation (CRC) of Orlando Florida.

11.     CRC has a subcontract with Fluor Fernald to provide consulting and other services to Fernald Project Managers relating to the implementation of the "Conduct of Operations" (hereinafter "Conops").

12.     "Conops" is a set of rules contained in a Department of Energy Order, modeled from nuclear plan operation rules. According to the Conops rules, adequate implementation of Conops within a nuclear facility project is mandatory.

13.     Relator has a Bachelor of Science Degree, and is retired after twenty years in the U.S. Navy Submarine Service. Relator spent the majority of his Navy career operating nuclear power plans and has an extensive background in radioactive and hazardous materials handling.

## BACKGROUND

14.     The U.S. Department of Energy (hereinafter "DOE") facility at Fernald, Ohio was built in the early 1950's by the U.S. Atomic Energy Commission to process uranium ore concentrates into high-purity uranium-metal products.

15.     In 1989, the DOE placed a new focus on environmental restoration for the Fernald site. Thereafter, in 1992, the DOE permanently terminated production operations, and renamed the site Fernald Environmental Management Project, (hereinafter "FEMP").

16.     In 1992, the United States Government contracted with the Fernald Environmental Restoration Management Corporation (hereinafter "FERMCO") to manage the Fernald site. In 1996, FERMCO assumed the name Fluor Daniel Fernald, Inc., and it has since been changed to Fluor Fernald, Inc.

17.     Fluor Fernald currently manages the Waste Pits Remedial Action Project

3

(hereinafter "WPRAP") at the Fernald site. Fluor Fernald has engaged the services of The IT Group, a leading environmental cleanup company, as a subcontractor for a significant part of the work on the WPRAP.

18. Fluor Fernald engaged The IT Group to excavate the waste pits, to build and operate a dryer plant, and to build and operate the material handling building and railcar loadout building. Fluor Fernald engaged The IT Group to remove and process the contaminated material, and load it onto railcars. Fluor Fernald retained the contractual responsibility to take the filled railcars from The IT Group and to ship them off-site.

19. Under the contract, Fluor Fernald retains full responsibility for all of The IT Group's radiological control services for the project.

## FACTUAL ALLEGATIONS

20. As alleged above, Fluor Fernald and its subcontractors have a responsibility to the United States Government to control and correct safety violations from occurring at a Nuclear Waste Site.

21. Defendant Fluor Fernald received payment from the United States, in part, for the specific purpose of providing a safe and efficient work environment on behalf of the United States Government.

22. Fluor Fernald knowingly and willfully breached its contractual obligations to the United States Government by allowing The It Group to violate some 252 federally mandated safety rules in a minimum of 437 specific incidents over a 24 month period of time. To the best of Plaintiff/Relator's knowledge, these violations are continuing.

23. Defendant Fluor Fernald has consistently breached its contract with the United

4

States Government, by allowing such safety violations to go unchecked, thereby sanctioning them. These violations include contamination, unreported equipment deficiencies, and failure to inspect equipment.

24. Defendant Fluor Fernald repeatedly failed to take effective or appropriate corrective actions regarding the majority of the 437 safety violations, in direct violation of the terms of its contract. The terms of the contract were further breached through Defendant's allowing recurring violations, including lack of supervisory presence and improper radiological control practices.

25. By allowing these numerous violations, many of which are recurring violations, Defendant evidences a pattern of blatant and intentional disregard of the United States safety laws, including laws regulating radioactive substances.

26. By abdicating each of its responsibilities for formulating and installing the mandated management safety systems and meeting the federal requirements for federal nuclear facilities, Defendant Fluor Fernald accumulated significant financial gain. Specifically, Defendant retained for its own profits, funds that should have been applied toward compliance with safety systems. Moreover, Defendant Fluor Fernald requested and received supplemental money from the Government so that its subcontractor, The IT Group, could provide certain of its own safety services. Fluor Fernald knowingly allowed The IT Group to misappropriate Government funds by failing to provide these safety services.

27. Plaintiff/Relator's primary duty in the project was to identify such violations, report them to the appropriate parties, and to follow the corrective action process through to its completion. Relator did so identify and report such violations on a regular basis.

28. Defendant was, in fact, made aware of all of the violations referenced in this Complaint, either directly by Relator, or otherwise. Defendant had full and timely knowledge of each violation.

29. As a direct response to Plaintiff/Relator's actions in identifying and reporting these violations, Fluor Fernald removed Plaintiff/ Relator from his position in the WPRAP project at a verbal request on March 14, 2000 by The IT Group. The reason for the removal was the threat Plaintiff/ Relator presented to Fluor Fernald to correct safety violations.

30. Defendant Fluor Fernald ordered Plaintiff/Relator to stay away from the project, and also to stay away from a meeting concerning the violations he reported and was in charge of overseeing.

31. Fluor Fernald had a duty to inform the United States Government about these safety problems, specifically the safety problems Plaintiff/Relator reported. Fluor Fernald failed in its duty to fully inform the United States Government, and thus falsely retained money paid to it by the United States Government.

32. Fluor Fernald failed effectively to enforce the contractual and federal requirements (as was its duty under its contract with the Government) in the interest of achieving a deadline that resulted in the payment of a performance bonus from the United States Government.

## COUNT ONE
**False Claims Act, 31 U.S.C. §3729(a)(1)**

33. Plaintiff realleges and incorporates by reference herein each and every allegation made above in Paragraphs 1 through 32 of this complaint.

34. This is a claim for damages and forfeitures under the False Claims Act, 31 U.S.C. §3729.32.

35. By virtue of the acts described above, Defendant Fluor Fernald knowingly and willfully presented, or caused to be presented to officers, employees, and/or agents of the United States, false or fraudulent claims for payment or approval under the Contract funded by government monies.

36. Plaintiff, United States, unaware of the falsity of the records, statements and/or claims made or used, or caused to be made or presented by Fluor Fernald, and in reliance of the accuracy thereof, paid Fluor Fernald for work that was not performed, or was not performed in the manner presented by Fluor Fernald, or not performed as required by the Contract.

37. By reasons of these payments, the United States has been damaged in substantial amounts.

## COUNT TWO
### False Claims Act, 31 U.S.C. §3729(a)(2)

38. Plaintiff realleges and incorporates by reference herein each and every allegation made above in Paragraphs 1 through 37 of this Complaint.

39. This is a claim for damages and forfeitures under the False Claims Act, 31 U.S.C. §3729-32.

40. By virtue of the acts described above, Defendant Fluor Fernald knowingly and willfully made, used, or caused to be made or used, false records and statements to get false or fraudulent claims paid or approved by the United States under contracts funded with government monies.

41. Plaintiff, United States, unaware of the falsity of the records, statement and/or claims made or used, or caused to be made or presented by Fluor Fernald, in reliance of the accuracy thereof, paid Fluor Fernald for work that was not performed, or was not performed in the manner presented by Fluor Fernald, or not performed as required by the Contract.

42. By reasons of these payments, the United States has been damaged in substantial amounts.

## COUNT THREE
## 31 U.S.C. §3729(a)(1)

43. Plaintiff realleges and incorporates by reference herein each and every allegation made above in Paragraphs 1 through 42 of this Complaint.

44. This is a claim for damages and forfeitures under the False Claims Act, 31 U.S.C. §3729-32.

45. By virtue of the acts described below, Defendant Fluor Fernald had possession, custody, or control of property and money used, and intended to defraud the Government by delivering less property and/or services than the amount for which the Government agent receives a certificate or receipt.

46. Plaintiff, United States, unaware of the falsity of the records, statements and/or claims made or used, or caused to be made or presented by Fluor Fernald, and in reliance of the accuracy thereof, paid Fluor Fernald for work that was not performed, or was not performed in the manner presented by Fluor Fernald, or not performed as required by Contract.

47. By reasons of these payments, the United States has been damaged in substantial amounts.

## COUNT FOUR
### Retaliation
### 31 U.S.C. §3730(h)

48. Plaintiff realleges and incorporates by reference herein each and every allegation made above in Paragraphs 1 through 47 of this Complaint.

49. This is a claim for damages under the False Claims Act, 31 U.S.C. §3729-32.

50. By virtue of the acts described above, Defendant Fluor Fernald knowingly and willfully harassed, threatened and discriminated against Plaintiff Steven F. Collier in the terms and conditions of his employment.

51. On January 11, 2002 Fluor Fernald notified CRC of a reduction in force of two positions and contributed directly to an assessment process, used for the first time in a reduction in force, to the detriment of Plaintiff/Relator.

52. On February 28, 2002, Plaintiff/Relator was terminated from his position by CRC, with Fluor Fernald input into the assessment process.

53. Plaintiff/Relator Collier's whistleblowing activities against Fluor Fernald led to his termination by his employer CRC, a subcontractor of Fluor Fernald.

54. By reasons of the acts described above, Plaintiff/Relator Collier has been damaged in substantial amounts.

## PRAYER

**WHEREFORE,** Plaintiff/Relator respectfully requests that this Court enter judgment against Defendant Fluor Fernald ordering as follows:

(1) That the Defendant Fluor Fernald cease and desist its violation of 31 U.S.C. §3729.

9

(2)  That the Defendant Fluor Fernald pay an amount equal to three times the amount of damages the United States Government has sustained because of the Defendant's actions, plus a civil penalty of $11,000.00 for each violation of 31 U.S.C. §3729;

(3)  That Plaintiff/Relator be awarded the maximum amount allowed pursuant to the unlawful retaliation against him in violation of §3730(h) of the False Claims Act;

(4)  That Plaintiff/Relator be awarded all costs of this action, including attorney's fees and court costs; and

(5)  That Plaintiff/Relator recover such other relief as the Court deems just and proper.

Respectfully submitted,

*Phyllis Brown*
Phyllis E. Brown (0037334)
Law Offices of Phyllis Brown
119 East Court Street
Cincinnati, OH 45202-1203
Telephone: 513-412-7681
Facsimile: 513-412-7683


*WB Markovits* by PEB auth per tele.
W. B. Markovits (0018514)
Markovits & Greiwe, LPA
119 East Court Street
Cincinnati, OH 45202-1203
Telephone: 513-977-4774
Facsimile: 513-621-7086

OF COUNSEL

Barbara D. Bonar (0043797)
B. Dahlenburg Bonar, PSC
118 West 5th Street
Covington, KY 41011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been forwarded by ordinary U.S. mail, postage prepaid to the following on the 15 day of July 2003.

Gerald F. Kaminski
Assistant U.S. Attorney
U.S. Attorney's Office
Southern District of Ohio
221 East Fourth Street, Suite 400
Cincinnati, OH 45202

Glenn V. Whitaker
Vorys, Sater, Seymour & Pease, LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, OH 45202

Donald Williamson, Esq.
Commercial Litigation Branch
Civil Division
United States Department of Justice
P. O. Box 261
Ben Franklin Station
Washington, DC 20004

*Phyllis Brown*
Phyllis E. Brown