IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, *ex rel.* Steven F. Collier, | ) ) ) |
| Plaintiff, | ) Case No. 1:00-CV-825 |
| vs. | ) ) ) |
| Fluor Fernald, Inc., | ) ) |
| Defendant. | ) |

Memorandum and Order

Relator Collier filed his original *qui tam* complaint in this matter on September 27, 2000. The United States advised the Court of its election not to intervene on November 27, 2001. On August 25, 2003, Relator Collier filed his first amended complaint. That complaint is the subject of a motion to dismiss (Doc. 29) by Defendant Fluor Fernald, Inc., which Relator Collier incorrectly identified as Fluor Corporation in the caption of the amended complaint. In addition to that motion, Defendant moves to unseal the file in this action prospectively (see Doc. 30).

1. Background

Relator Collier was, from December 1994 until his discharge on February 28, 2002, an employee of Coleman Research Corporation, a subcontractor of Defendant at the site of the former Fernald nuclear facility. In the course of that

employment, Relator Collier monitored certain safety functions related to the clean-up of the facility site. He alleges that The IT Group, another of Defendant's subcontractors at the Fernald site, violated 225 unspecified federally-mandated safety rules in "a minimum of" 437 specific incidents over a 24-month period. Relator Collier does not, in the context of his first amended complaint, identify the safety rules, the violations, or the 24-month period in question. He does allege, however, that The IT Group pressed for his removal from his position as safety monitor and that, some two years later, he was discharged from his employment.

On the basis of those allegations, Relator Collier asserts four claims under the False Claims Act, 31 U.S.C. §§ 3729(a)(1), 3729(a)(2), and 3730(h). Specifically, he asserts, under § 3729(a)(1), that Defendant knowingly and willfully presented, or caused to be presented to the United States, false or fraudulent claims for payment or approval under an unspecified contract. He also asserts, under that statutory provision, that Defendant intended to defraud the United States government by delivering less property and or services than the amount for which the government received a certificate or receipt. Relator Collier does not identify any such certificate or receipt in the first amended complaint.

In addition to those two claims under § 3729(a)(1), Relator Collier asserts a claim under § 3279(a)(2). He alleges that Defendant knowingly and willfully made, used, or caused to be made or used, false records and statements to get false or fraudulent claims paid or approved by the United States under contracts funded with United States funds. Relator Collier does not identify a specific record, statement, claim, or contract in his first amended complaint.

Relator Collier's final claim, asserted under § 3730(h), is that Defendant retaliated against him for activities protected under the False Claims Act. While conceding that Defendant was not his employer, Relator Collier alleges that Defendant was responsible, in some measure, for the termination of his employment.

Defendant moves for the dismissal of Relator Collier's claims under § 3729(a)(1) and (2), pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, which the parties agree applies to claims under the False Claims Act, for failure to plead those claims with the requisite specificity. Defendant moves for the dismissal of Relator Collier's claim of retaliation under § 3730(h) on the ground that Relator Collier was not an employee of Defendant and, accordingly, may not assert a claim against Defendant for retaliation under the False Claims Act.

Plaintiff initially opposed Defendant's second motion, to unseal the file in this action, on the ground that certain documents in the case file incorporate attorney work product and other protected information.  Defendant subsequently clarified that it seeks to have the file unsealed prospectively only so that future filings will be publicly available.  Relator Collier's arguments against unsealing do not relate to filings to be made henceforth.

2.  The Motion to Dismiss

Defendant has filed a well-supported motion to dismiss Relator Collier's claims.  With respect to the three claims asserted under 31 U.S.C. § 3729(a)(1) and (2), the parties agree that the pleading requirements of Rule 9(b) apply.  Defendant argues, persuasively, that those requirements are not satisfied by Relator Collier's first amended complaint.  In his memorandum in opposition to Defendant's motion to dismiss, Relator Collier argues to the contrary but also requests that the Court permit him to amend his complaint in the event that the Court concludes that one or more of his claims fails to comply with Rule 9(b).

In this District, a motion tendered for filing "shall be accompanied by a memorandum in support thereof which shall be a brief statement of the grounds, with citation of authorities relied upon."  Southern District of Ohio Local Rule 7.2(a)(1).

To the extent that Relator Collier's request was intended as a motion for leave to file a second amended complaint, it is not in compliance with the Local Rule.

The Court is inclined, nevertheless, to permit Relator Collier to revise his complaint in order to attempt to comply with the requirements of Rule 9(b), even though he has not moved for such an opportunity in conformity with the Local Rule. The Court has a strong preference for the resolution of legal disputes on their merits where possible. See Shepard Claims Service, Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986). The Court is disinclined, however, to illustrate for Relator Collier every manner in which his complaint, as currently filed, is deficient. See PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 699 (6th Cir. 2004); Begala v. PNC Bank, Ohio, N.A., 214 F.3d 776, 784 (6th Cir. 2000), cert. denied, 531 U.S. 1145 (2001).

Relator Collier may file, on or before August 27, 2004, a motion for leave to file a second amended complaint. Relator Collier must attach to any such motion a copy of the proposed second amended complaint. Defendant may, as permitted by Local Rule 7.2, file a memorandum in opposition to any such motion and may, to the extent appropriate, incorporate therein its memoranda in support of its present motion to dismiss by reference. Relator Collier may file a reply memorandum as permitted by Local

Rule 7.2. In the event that Relator Collier fails to timely file a motion for leave to file a second amended complaint, the Court will consider Defendant's motion to dismiss in light of the allegations in the complaint as it presently exists.

Relator Collier may not include a claim under 31 U.S.C. § 3730(h) in any proposed second amended complaint. Plaintiff was not an employee of Defendant. Indeed, he clearly alleges that he was employed by an independent contractor engaged by Defendant to perform certain services at the Fernald site. Defendant moves for the dismissal of Relator Collier's § 3730(h) claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on that basis.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. See Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993)(citing Nishiyama v. Dickson County, 814 F.2d 277, 279 (6th Cir. 1987)). To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. See Scheuer v. Rhodes, 416 U.S. 232 (1974); Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). To survive a motion to dismiss under Rule 12(b)(6), "a . . . complaint must contain either direct or inferential allegations respecting all

6

the material elements to sustain a recovery under some viable legal theory."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(citations and internal quotation marks omitted).  The test for dismissal under Rule 12(b)(6), however, is a stringent one.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hartford Fire Insurance Co. v. California, 509 U.S. 764, 811 (1993)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1189 (6th Cir. 1996).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless no law supports the claim made, the facts alleged are insufficient to state a claim, or an insurmountable bar appears on the face of the complaint.

   While the False Claims Act does not define "employee" and "employer" for purposes of illuminating who may assert a claim under the retaliation provision, the courts applying that provision have been uniform in their assessment that only an employee or an agent, as determined by common-law agency principles, may assert a claim under § 3730(h).  See, e.g., Vessell v. DPS Associates of Charleston, Inc., 148 F.3d 407, 412 (4th Cir. 1998); Shapiro v. Sutherland, 835 F.Supp. 836, 837 (E.D. Pa. 1993).  Relator Collier is neither.  Accordingly,

Defendant's motion to dismiss Relator Collier's claim under § 3730(h) is well-taken.

3.  The Motion to Unseal

As the Court has observed, Relator Collier does not appear to oppose Defendant's motion to unseal the case file in this action prospectively. That motion (Doc. 30 as clarified in Doc. 33) is well-taken and is hereby **GRANTED** as follows: this action is **UNSEALED**. All documents presently in the file, with the exception of the first amended complaint (Doc. 23), will remain under seal. The first amended complaint (Doc. 23) is **UNSEALED**. All filings from this date forward will be made in the ordinary course and not under seal unless a party seeks and obtains prior authorization for a filing under seal.

4.  Conclusion

For those reasons, Defendant's motion to dismiss (Doc. 29) is hereby **GRANTED** with respect to Relator Collier's claim under 31 U.S.C. § 3730(h) and **HELD IN ABEYANCE** with respect to his claims under 31 U.S.C. § 3729(a)(1) and (2). Relator Collier may file, on or before August 27, 2004, a motion for leave to file a second amended complaint as set forth more fully herein. Defendant's motion to unseal the case file in this action (Doc. 30) is hereby **GRANTED** as set forth more fully herein. Documents

1 through 22 and 24 through 36 will remain under seal, however, pending further order of this Court.

      **IT IS SO ORDERED.**

                                              /s/
                                Sandra S. Beckwith
                                United States District Judge