# SETTLEMENT AGREEMENT AND RELEASE

## I. PARTIES

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into by and among the United States of America, acting through its Department of Justice (the "United States"), Steven F. Collier (the "Relator" or "Collier"), and Fluor Fernald, Inc. ("Fluor Fernald", f/k/a Fluor Daniel Fernald, Inc., f/k/a Fernald Environmental Restoration Management Corporation) (hereinafter jointly referred to as the "Parties"), personally or through their undersigned counsel and/or authorized representatives.

## II. RECITALS

The Parties agree to the following recital of facts:

1. The Relator filed a *Qui Tam* Action in the United States District Court for the Southern District of Ohio, styled *United States ex rel. Collier v. Fluor Corporation d/b/a Fluor Fernald, Inc.,* Civil Action No. C00825 (S.D. Ohio) (the *"Qui Tam* Action"), and the United States declined to intervene. Fluor Fernald is a second-tier subsidiary of Fluor Corporation and is the actual party in interest in this action rather than Fluor Corporation.

2. The Relator also filed an administrative action against his former employer, Coleman Research Corporation ("CRC"), and Fluor Fernald under the

Department of Energy ("DOE") Contractor Employee Protection Program regulations (10 C.F.R. Part 708) ("the Part 708 proceeding"). This proceeding is now pending before the DOE Office of Hearings and Appeals ("OHA") and is also known as OHA Case No. VBH-0084.

3. The Relator contends that he has certain civil claims and causes of action against Fluor Fernald predicated upon the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733, for claims submitted by Fluor Fernald to the Department of Energy and for retaliation by Fluor Fernald and by his former employer CRC, a subcontractor to Fluor Fernald.

4. Fluor Fernald denies any liability under the False Claims Act. Fluor Fernald denies any liability for retaliation. Fluor Fernald contends that it complied with all applicable laws, regulations and DOE orders. Neither this Agreement nor the payment made hereunder shall constitute or be construed as an admission of any liability or wrongdoing by Fluor Fernald as set forth below.

5. The Parties wish to avoid the delay, burden, expense, inconvenience, and uncertainty of litigation and continued proceedings under Part 708 by reaching an Agreement that will resolve all the issues and actual or potential disputes as set forth below that the United States and/or the Relator may have against Fluor Fernald in the pending litigation or against Fluor Fernald in the pending Part 708 proceeding without any admission of liability, wrongdoing, or fault on the part of Fluor Fernald, its predecessors, successors, parents, divisions or subsidiaries, assigns, and Fluor Fernald teaming subcontractors, or any of their respective present or former officers, directors, shareholders, employees, insurers, representatives, or agents.

6. In order to resolve all actual and potential disputes completely, Collier will also enter into a separate Settlement Agreement with CRC. This Agreement is contingent upon Collier's execution of a Settlement Agreement satisfactory to CRC. Neither agreement will be effective unless both agreements are executed and effective.

## III. <u>TERMS OF AGREEMENT</u>

NOW THEREFORE, for and in consideration of the terms, conditions, mutual promises, and consideration described below, the Parties agree as follows:

A. Upon the full execution of this Agreement, approval of this Agreement by the Court, and the filing of a Stipulation and Order dismissing the *Qui Tam* Action with prejudice, Fluor Fernald agrees to pay to the United States and Relator a total sum of $40,000.00 in full settlement of the False Claims allegations set out in the *Qui Tam* Action. Fluor Fernald shall deliver the entire $40,000 to the United States by electronic funds transfer pursuant to written instructions to be provided to Fluor Fernald by Michael F. Hertz or his designated representative. This payment shall be made within ten (10) days after the Court approves this Agreement. The United States shall deliver Relator's 25% share to the Trust Account of Phyllis E. Brown, L.P.A. (Relator's Counsel).

B. Fluor Fernald further agrees that all costs (as defined by Federal Acquisition Regulation ("FAR") 31.205-47) incurred by or on behalf of Fluor Fernald in connection with (a) the matters covered by the *Qui Tam* Action; (b) the Government's audits and investigations of the matters covered by the *Qui Tam* Action; (c) Fluor

Fernald's investigation and defense of the matters directly relating to the *Qui Tam* Action; (d) the negotiation of this Settlement Agreement; and (e) the $40,000 *Qui Tam* Action payment made to the United States and the Relator pursuant to this Settlement Agreement shall be unallowable costs for government accounting purposes. Fluor Fernald shall separately account for all costs that are unallowable under this Settlement Agreement. Fluor Fernald's agreement to these conditions shall not be taken as an admission of any liability whatsoever, consistent with paragraph 5 above. It is expressly understood that this agreement regarding these unallowable costs shall not be interpreted as an agreement that the remaining payments to Relator and Relator's counsel specified in Paragraph C below will be allowable or unallowable costs. Whether any or all of such payments will be recognized as allowable is a determination to be made separately by the responsible Department of Energy Contracting Officer in accordance with the applicable terms and conditions of the contract between the Department and Fluor Fernald, Inc.

   C. Upon full execution of this Agreement, approval of this Agreement by the Court, the filing of a Stipulation and Order dismissing the *Qui Tam* Action with prejudice, and dismissal of Relator's claim made pursuant to 10 C.F.R. Part 708 with prejudice by the DOE Office of Hearings and Appeals, Fluor Fernald agrees to pay to Relator and Relator's Counsel the total additional sum of $110,000 in full settlement of Relator's 31 U.S.C. § 3730(h) and 10 C.F.R. Part 708 claims. This payment shall be made within ten (10) days after the Court approves this Agreement and the DOE OHA dismisses the Part 708 proceeding. This entire $110,000 payment shall be made to the Trust Account of Phyllis E. Brown, L.P.A. (Relator's Counsel). Pursuant to 31 U.S.C. § 3730(d) the

Parties agree that $64,000 out of this sum shall be payable to Relator's attorneys in full satisfaction of all claims for attorneys' fees and litigation expenses. Relator's Counsel will be responsible for delivering the remaining amount of the payment to Relator. Pursuant to a separate agreement, CRC has agreed to make an additional payment to Collier of $50,000 in full settlement of his 31 U.S.C. § 3730(h) and 10 C.F.R. Part 708 claims. The terms of that settlement agreement establish the applicable payment terms, including the requirement that the $50,000 payment be made to the Trust Account of Phyllis E. Brown, L.P.A. within 10 days after the Court approves this Agreement and the DOE OHA dismisses the Part 708 proceeding.

D. The Relator agrees that the settlement of claims in this case is fair, adequate, and reasonable under all the circumstances.

E. In consideration of the payment referenced in paragraph A above and the agreement set out in paragraph B above, the United States hereby releases Fluor Fernald from any and all claims and liabilities alleged in the *Qui Tam* Action. This Agreement does not release Fluor Fernald, including its current and former directors, officers, employees, agents, parents and subsidiaries, from liability with respect to:

    a. Any claims for deficient or defective products, for personal or property injury, or for other consequential damages arising from the direct or indirect sale or delivery by Fluor Fernald of any deficient or defective product, or from breach of any express or implied product warranty;

    b. Any claims based on such obligations as are created by this Agreement; and,

      c.    Any claims that the United States may have under the Internal Revenue Code, Title 26 of the United States Code.

F.    In consideration of the payment referenced in paragraph A above and the agreement set out in paragraph B above, the Relator, individually, but not on behalf of the United States, hereby releases Fluor Fernald, its parent companies, affiliates, divisions or subsidiaries, their successors and assigns, its Fernald teaming subcontractors, and any of their present or former officers, directors, shareholders, insurers, employees, representatives, and agents (collectively the "releasees") from any and all claims and liabilities arising from or relating to the False Claims allegations set forth in the *Qui Tam* Action.

G.    In consideration of the payment referenced in paragraph C above, the Relator, individually, but not on behalf of the United States, hereby unconditionally releases and forever discharges Fluor Fernald, its parents, affiliates, divisions or subsidiaries, their successors and assigns, the Fernald teaming subcontractors, and any of their present or former officers, directors, shareholders, insurers, employees, representatives, and agents from any and all claims and liabilities arising from or relating to the allegations set forth in the *Qui Tam* Action and the Part 708 proceeding, whether known or unknown, vested or contingent, that Relator ever had, now has, or could have brought against any of the releases.

H.    In consideration of the promises and obligations of this Settlement Agreement, Fluor Fernald fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of any kind and however denominated) which Fluor Fernald has asserted,

could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents related to or arising from the investigation and prosecution of the allegations and claims set forth in the *Qui Tam* Action. It is expressly agreed and understood that nothing in this Agreement is intended to prevent Fluor Fernald from making claims to the Department of Energy for reimbursement of the payments specified in Paragraph C or the costs (as defined by FAR 31.205-47) incurred by or on behalf of Fluor Fernald in connection with the Part 708 proceeding.

    I.    In consideration of the promises and obligations of this Settlement Agreement, Relator and Relator's Counsel fully and finally release the United States from any claims the Relator or Relator's counsel could have asserted or may assert in the future against the United States related to the Qui Tam Action. The Relator agrees that the settlement is fair, adequate and reasonable and hereby waives and releases any right, under 31 U.S.C. § 3730(c)(2)(B) or otherwise, to challenge or contest the settlement.

    J.    In consideration of the agreements and payments set forth herein, the Parties hereto shall execute and file with the Court, contemporaneous with the full execution of this Agreement, a Stipulation and Order dismissing with prejudice the *Qui Tam* Action.

    K.    In consideration of the agreements and payments set forth herein, Collier shall, contemporaneous with the full execution of this Agreement, request the DOE Office of Hearings and Appeals dismiss his Part 708 complaint with prejudice.

    L.    Collier acknowledges and agrees that he has never been an employee of Fluor Fernald and that he has no legal rights against Fluor Fernald or any of the

releasees arising out of any employment relationship.

M. Collier and his counsel shall be solely responsible, respectively, for all taxes associated with the payments made to them pursuant to Paragraphs A and C of this Agreement. Fluor Fernald shall issue a Form 1099 to Collier in connection with the portion of the payments not designated for the United States or his counsel. Collier shall indemnify and hold harmless Fluor Fernald with respect to any taxes, penalties and/or interest assessed upon Fluor Fernald by federal or state tax authorities as a result of the payments made pursuant to Paragraphs A and C of this agreement.

N. This document contains the full and complete Agreement between the Parties with respect to the matters covered herein. All material representations, understandings, and promises of the Parties are contained in this Agreement. No modification of this Agreement shall be effective unless in writing and signed by the Parties.

O. This Agreement may be executed in identical counterparts, each of which shall contain an original and all of which shall constitute one and the same Agreement.

P. It is expressly agreed and understood that this Agreement is in compromise of disputed claims and has not and should not be construed as an admission or acknowledgment that Fluor Fernald or any of the releasees have engaged in any unlawful conduct whatsoever. The fact of this Agreement or any part of an aspect thereof, to include the payment hereunder, does not constitute an admission of the part of Fluor Fernald as to the violation of any law, whether embodied in statute, regulation, or case law, to the breach of any contract, or to any other actionable conduct. The terms of this Agreement, including all facts and circumstances,

statements or documents relating thereto, the claims that were or could have been and the facts and circumstances underlying such claims, shall not be admissible in any litigation in any form for any purpose, except as required by law.

Q. In executing this Agreement, the parties declare and acknowledge that they have had the opportunity to consult legal counsel and that the terms of this Agreement are fully understood and voluntarily accepted without duress or coercion.

R. Relator represents and warrants that he has not assigned, transferred, sold or otherwise disposed of any of his rights in the claims and causes of action asserted in the *Qui Tam* Action or the Part 708 proceeding and that he is the sole and exclusive owner of said rights and has sole authority to resolve his rights in the *Qui Tam* Action and the Part 708 proceeding.

S. Fluor Fernald, Inc, Relator, and their counsel agree that they will not provide any press release or hold any press conference relating to the fact of this settlement, the terms of this Agreement or the subject matter of the issues being settled are discussed. Further, Fluor Fernald, Inc. and Relator agree not to disparage each other following execution of this agreement or to retaliate in any manner against each other.

T. Fluor Fernald and Relator consent to the United States' disclosure of this Agreement, and information about this Agreement, to the Public.

U.  Relator agrees that he will not use any information relating to the claims asserted in the *Qui Tam* Action or the Part 708 proceeding to bring, or to assist any other person or entity (other than the United States in its own right) to bring any lawsuit or administrative proceeding against Fluor Fernald or any of the other releasees, except in response to subpoena or other valid legal process, or request from the United States.

V.  This Agreement is effective when signed by all the Parties and approved by the Court.

W.  Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or otherwise unenforceable, the legality, validity, and enforceability of the remaining provisions of this Agreement shall not be affected thereby, and the provision determined to be illegal, invalid, or otherwise unenforceable shall be deemed not to be a part of this Agreement.

[END OF PAGE]

**IN WITNESS WHEREOF,** each of the parties have duly executed this Settlement Agreement and Release through a duly authorized agent who represents that he or she possesses such authority, as of the date here below written.

United States of America

Dated: August 31, 2004

By: [signature]
Civil Division
U.S. Department of Justice

Relator

Dated: Sept 9, 2004

By: Steven Collier
Steven Collier

Dated: Sept. 13, 2004

By: Phyllis Brown
Phyllis E. Brown
Relator's Attorney

Fluor Fernald, Inc.

Dated: SEPT. 14, 2004

By: Mark L Sucher
GENERAL COUNSEL